JON M. SANDS
Federal Public Defender
**LEO MASURSKY** #018492
**GRETA M. VIETOR** #030485
Assistant Federal Public Defenders
407 W. Congress, Suite 501
Tucson, AZ 85701-1355
Telephone: (520)879-7500
*Leo_Masursky@fd.org*
*greta_vietor@fd.org*
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  Plaintiff,  v.  Julio Cesar Aguirre,  Defendant. | 25-06320-mj-TUC (MAA)  DEFENDANT'S NOTICE OF REQUEST FOR PRESERVATION OF EVIDENCE |

Defendant, Julio Cesar Aguirre, through undersigned counsel, respectfully files the Defendant's Notice of Request for Preservation of Evidence pursuant to Rule 16 of the Federal Rules of Evidence, *Brady v. Maryland* 373 U.S. 83 (1963) and progeny as well as *United States v. Zaragoza-Moreira*, 780 F.3d 971, 978 (9th Cir.2015) (indictment dismissed for bad faith failure to preserve "video" containing apparently exculpatory value from the time of the offense, before its routine 45 destruction schedule where defense preservation request had been made by 'letter' well before the date the material was over-written).

The matter is in the pre-indictment phase at this time and the government, on information and belief, has corresponded to the defense such that evidence preservation as

referenced in this Notice will be implemented. Attached for specificity is a letter as provided to the government on the day of this filing and below is a list also provided to the government on the day of this filing:

*"Please preserve the following, which may otherwise be overwritten or not retained:*

1. *All dispatch, radio, and other logs related to the encounter. Fed. R. Crim. P. 16(a)(1)(E)(i).*

2. *All audio recordings related to the encounter, including by dispatch, radio, and body camera. Fed. R. Crim. P. 16(a)(1)(E)(i).*

3. *All video recordings related to the encounter, including by body camera, in-car, mobile surveillance camera, pole, drone, aircraft, cell phone, or other surveillance. Fed. R. Crim. P. 16(a)(1)(E)(i).*

4. *All photographs related to the encounter, including on any agent's personal phone.*

5. *All electronic communications related to the encounter, including texts, instant messages, emails, and social media or blog posts, either between agents leading up to, during, and after the encounter, or sent to a prosecutor or investigator concerning the encounter, that may later be discoverable under 18 U.S.C. § 3500, Fed. R. Crim. P. 26.2 and 12(h), or Brady v. Maryland. See USAM 9-5.004; Mem. from James M. Cole, Deputy A.G., US DOJ, "Guidance on the Use, Preservation, and Disclosure of Electronic Communications in Federal Criminal Cases," 2 (Mar. 30, 2011), https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/electronic-communications.pdf.*

6. *All data related to the encounter captured by GPS, remote sensors, fixed ground sensors, infrared night-vision scopes, cell site location, computer, and similar devices. Fed. R. Crim. P. 16(a)(1)(E)(i).*

7. *All clothing worn by the defendant and any victim during the encounter and all property in the defendant's possession upon arrest. Fed. R. Crim. P. 16(a)(1)(E)(iii).*

8. *All rough notes made by agents of interviews or that recite any person's statement related to the encounter. United States v. Griffin, 659 F.2d 932, 938 n.5 (9th Cir. 1981); United States v. Harris, 543 F.2d 1247, 1250, 1252 (9th Cir. 1976); see also United States v. Rewald, 889 F.2d 836, 868 (9th Cir. 1989).*

9. *Any alien witness or other witness who could become unavailable who observed or overheard the encounter or any agent discussing the encounter, so that I may arrange for an immediate interview and, if appropriate, a video deposition prior to the witness's deportation or unavailability. Fed. R. Crim. P. 16(a)(1)(E)(i); Fed. R. Crim. P. 15; 18 U.S.C. § 3144.*

10. *Notes used by witnesses when testifying before grand jury. United States v. Wallace, 848 F.2d 1464 (9th Cir. 1988).*

11. *Prosecutor's notes of witness interview if read back to witness for corrections and approved. Goldberg v. United States, 425 U.S. 94 (1976).*

*The items requested for preservation above are material to preparing the defense. Rule 16(a)(1)(E)(i) broadly requires disclosure of materials that tend to make it more probable the defendant was not involved or which would provide an explanation that does*

3

*not involve him, United States v. Stever, 603 F.3d 747, 752 (9th Cir. 2010); that are "related to the constitutionality of a search or seizure," United States v. Soto-Zuniga, 837 F.3d 992, 1000-01 (9th Cir. 2016); accord United States v. Thomas, 726 F.3d 1086, 1096 (9th Cir. 2012); that are "relevant to the development of a possible defense," United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir. 1990); accord United States v. Budziak, 697 F.3d 1105, 1112-13 (9th Cir. 2012); that help to "assess the reliability" of an agent's claim, United States v. Muniz-Jaquez, 718 F.3d 1180, 1183-84 (9th Cir. 2013); that "help[] to establish [the defendant's] credibility," United States v. Doe, 705 F.3d 1134, 1151 (9th Cir. 2013); and that could "cause[] a defendant to 'completely abandon' a planned defense," United States v. Hernandez-Meza, 720 F.3d 760, 768 (9th Cir. 2013).*

*Defendant further requests notice, before any items above is overwritten, destroyed, or otherwise not retained, if the government contends that any item requested for preservation above is not material."*

By this Notice the defense makes the parties aware that any matter above, in addition to any other matter or material requiring the noticed preservation discovered subsequent to this filing, will be addressed by any appropriate pleading at any appropriate time. As any such material, or its potential existence, becomes known to the defense, the defense will supplement any ongoing communications in this regard with government to the time of this filing, as well as any supplemental Notices to this court.

/ / /

/ / /

4

**RESPECTFULLY SUBMITTED:** July 11, 2025.

        JON M. SANDS
        Federal Public Defender

        */s/ Leo Masursky*
        **LEO MASURSKY**
        Assistant Federal Public Defender

        */s/ Greta M. Vietor*
        **GRETA M. Vietor**
        Assistant Federal Public Defender